<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CONGREGATION ANSHEI ROOSEVELT and CONGREGATION YESHIVAS ME'ON HATORAH, | : : : : : | |
| Plaintiffs | : : | Civ. No. 07-4109 (GEB) |
| v. | : : | **MEMORANDUM OPINION** |
| PLANNING AND ZONING BOARD OF THE BOROUGH OF ROOSEVELT, MAYOR AND COUNCIL OF THE BOROUGH OF ROOSEVELT, BOROUGH OF ROOSEVELT, ROOSEVELT PRESERVATION ASSOCIATION, LLC, JEFF ELLENTUCK, PEGGY MALKIN, STEVEN YEGER, JANE ROTHFUSS, ALLISON PETRILLA, and JAMES ALT, | : : : : : : : : : : | |
| Defendants. | : : | |

**<u>BROWN, Chief District Judge</u>**

      This matter comes before the Court the motion for attorney fees and costs of Defendants Jeff Ellentuck and Peggy Malkin (collectively, "Defendants") [Docket # 29]. Plaintiffs Congregation Anshei Roosevelt and Congregation Yeshivas Me'On Hatorah (collectively, "Plaintiffs") oppose Defendants' motion [Docket # 37]. The Court has considered the parties' submissions and decided this motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will deny Defendants' motion.

**I.    BACKGROUND**

      The facts of this case were detailed in this Court's memorandum opinion dated August 20,

2008 [Docket # 26]. As such, the Court adopts that factual background here by reference, and will summarize only the facts necessary to the disposition of the motion *sub judice*, as follows. In a complaint filed on August 27, 2007, Plaintiffs asserted multiple federal and state claims against Defendants, and others, arising out alleged opposition to certain religious institutions based in Roosevelt, N.J. [Docket # 1]. In lieu of an answer, Defendants filed a motion to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6) [Docket # 15]. In a memorandum opinion and order dated August 20, 2008, this Court concluded that Plaintiffs' claims against Defendants were barred by the doctrines of *Noerr-Pennington* and legislative immunity, and dismissed Plaintiffs' claims [Docket # 27].

On September 4, 2008, Defendants filed the instant motion for attorney fees and costs pursuant to 42 U.S.C. § 1988 [Docket # 29]. In their motion, Defendants assert that Plaintiffs' claims against them were frivolous because, under the facts of this case, those claims were clearly barred by the immunity doctrines noted above [*Id.*]. Because Plaintiffs' claims were frivolous, Defendants argue they are entitled to reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988 [*Id.*]. It is undisputed that Defendants' are indemnified by the Borough of Roosevelt for the legal fees and costs they incur defending this lawsuit. (Pl.'s Opp'n Br. at 12-14; Def.'s Reply at 13-14; Cunniff Supp. Decl. at ¶ 9.) Plaintiffs' have opposed Defendants' motion, and argue that an award of fees and costs is inappropriate in this case for the following reasons: (1) Plaintiffs' claims against Defendants were not frivolous; and (2) Defendants lack standing to move for attorney fees because they are indemnified by the Borough of Roosevelt [Docket # 37]. Further, Plaintiffs note that they have chosen, for strategic reasons, to neither amend their complaint against Defendants, nor appeal this Court's dismissal of their prior claims against Defendants [*Id.*].

2

## II.     DISCUSSION

### A.  Defendants Have Standing

Plaintiffs argue that Defendants do not have standing to bring this motion, as Defendants have suffered no damages by virtue of their indemnification by the Borough of Roosevelt. Defendants argue that Plaintiffs assertion is incorrect as a matter of law, and the Court agrees. With regard to attorney fee awards pursuant to 42. U.S.C. § 1988, the Supreme Court has noted, in dicta, "[t]hat a nonprofit legal services organization may contractually have agreed not to charge *any* fee of a civil rights plaintiff does not preclude the award of a reasonable fee to a prevailing party . . . ." *Blanchard v. Bergeron et al.*, 489 U.S. 87, 95 (1989). In this case, Defendants incurred legal fees, but were indemnified by a third party. Logically, if a plaintiff who incurred no legal fees has standing to pursue an attorney fee award pursuant to § 1988, a plaintiff who incurred fees but is indemnified has standing under § 1988 as well. Plaintiffs have identified no case that impugns this deduction. Therefore, the Court concludes that Defendants have standing to bring this motion.

### B.  An Award Of Attorney Fees Is Not Reasonable In This Case

The Defendants argue that an award of attorney fees and costs pursuant to 42 U.S.C. § 1988 is appropriate in this case because Plaintiffs' claims were frivolous. (Def.'s Mot. Br.) [Docket # 15] In pertinent part, 42 U.S.C. § 1988(b) states that, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." In reference to this statute, the Supreme Court has noted that, "[i]t is central to the awarding of attorney's fees under *§ 1988* that the district court judge, in his or her good judgment, make the assessment of what is a reasonable fee under the circumstances of the case." *Blanchard v. Bergeron et al.*, 489 U.S. 87, 96 (1989).

The Court concludes that, regardless of whether Plaintiffs' claims could be deemed

"frivolous" under applicable precedent, an award of attorney fees and costs to Defendants pursuant to § 1988 is unreasonable under the circumstances of this case.  It is undisputed that Defendants are indemnified by the Borough of Roosevelt for their legal fees and costs.  As such, Defendants have suffered no pecuniary loss defending this lawsuit, and apparently will suffer none.  The Borough of Roosevelt, who has paid Defendants' legal fees and is also a defendant in this case, has not joined Defendants' motion.  Additionally, the Court notes that Plaintiffs have declined to either amend their complaint against Defendants, or appeal this Court's dismissal of their prior claims against Defendants.  Thus, insofar as Defendants are concerned, this case is over.  Under these circumstances, it appears that any award of attorney fees and costs would effectively constitute a punitive judgment against Plaintiffs and unjustly enrich Defendants.  Because Defendants are indemnified for their legal fees arising from this litigation, and because an award of attorney fees would function as a punitive damage award and unjustly enrich Defendants, the Court, in its discretion, finds that an award of attorney fees in this case is not reasonable.

### III.   CONCLUSION

For the foregoing reasons, the Defendants' motion for attorney fees and costs will be DENIED. An appropriate form of order accompanies this memorandum opinion.

Dated: January 8, 2009

                                                  /s/ Garrett e. Brown, Jr.
                                         GARRETT E. BROWN, JR., U.S.D.J.