NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CONGREGATION ANSHEI ROOSEVELT and CONGREGATION YESHIVAS ME'ON HATORAH, <br><br> Plaintiffs, <br><br> v. <br><br> PLANNING AND ZONING BOARD OF THE BOROUGH OF ROOSEVELT, MAYOR AND COUNCIL OF THE BOROUGH OF ROOSEVELT, BOROUGH OF ROOSEVELT, ROOSEVELT PRESERVATION ASSOCIATION, LLC, JEFF ELLENTUCK, PEGGY MALKIN, STEVEN YEGER, JANE ROTHFUSS, ALLISON PETRILLA, and JAMES ALT, <br><br> Defendants. | Civ. No. 07-4109 (GEB) <br><br> **MEMORANDUM OPINION** |

**BROWN, Chief District Judge**

This matter comes before the Court upon the motion for reconsideration of Defendants Jeff Ellentuck and Peggy Malkin (collectively "Defendants").[1]  [Docket # 41]  Plaintiffs Congregation Anshei Roosevelt and Congregation Yeshivas Me'On Hatorah (collectively "Plaintiffs") oppose Defendants' motion.  [# 44]  The Court has considered the parties' submissions and decided this motion without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set

---

[1] On January 26, 2009, Defendants the Borough of Roosevelt and the Mayor and Counsel of the Borough of Roosevelt submitted a letter that indicated their desire to join the present motion for reconsideration. [# 42]  Plaintiffs oppose the joinder of these additional Defendants.  (Opp'n Br. at 1, fn 1.)  [# 44]  The Court concludes, however, that the joinder or non-joinder of these Defendants does not impact the disposition of the present motion, and therefore will not consider that issue in this memorandum opinion.

forth below, Defendants' motion for reconsideration will be denied.

I.     BACKGROUND

In a memorandum opinion and order dated August 20, 2008, this Court dismissed all claims Plaintiffs had lodged against the various Defendants this case. [#26] Subsequently, on September 4, 2008, Defendants Ellentuck and Malkin filed a motion for attorney's fees pursuant to 42 U.S.C. § 1988. [# 29] The Court denied that motion on January 8, 2009, and opined:

> The Court concludes that, regardless of whether Plaintiffs' claims could be deemed "frivolous" under applicable precedent, an award of attorney fees and costs to Defendants pursuant to [42 U.S.C. § 1988] is unreasonable under the circumstances of this case. It is undisputed that Defendants are indemnified by the Borough of Roosevelt for their legal fees and costs. As such, Defendants have suffered no pecuniary loss defending this lawsuit, and apparently will suffer none. The Borough of Roosevelt, who has paid Defendants' legal fees and is also a defendant in this case, has not joined Defendants' motion. Additionally, the Court notes that Plaintiffs have declined to either amend their complaint against Defendants, or appeal this Court's dismissal of their prior claims against Defendants. Thus, insofar as Defendants are concerned, this case is over. Under these circumstances, it appears that any award of attorney fees and costs would effectively constitute a punitive judgment against Plaintiffs and unjustly enrich Defendants. Because Defendants are indemnified for their legal fees arising from this litigation, and because an award of attorney fees would function as a punitive damage award and unjustly enrich Defendants, the Court, in its discretion, finds that an award of attorney fees in this case is not reasonable.

(GEB Mem. Op. 1/8/09 at 4.) [# 39] Defendants now ask the Court to reconsider that decision. In their moving brief, Defendants argue that the Court "overlooked" the N.J. state common law doctrine of equitable subrogation in the January 8, 2009 decision, and therefore made a clear error of law. (Defs.' Mot. Br.) [# 41]

Plaintiffs oppose Defendants present motion for reconsideration, and assert that: (1) Defendants' arguments form an inappropriate basis for reconsideration; and (2) Defendants have failed to address an alternate basis upon which the Court's January 8, 2009 decision was based.

(Opp'n Br.) [#44]  The Court agrees with Plaintiffs' contention that the arguments put forth by Defendants do not form an appropriate basis for reconsideration, and will therefore deny Defendants' motion.

## II.   DISCUSSION

### A.  Legal Standard

In the District of New Jersey, motions for reconsideration are governed by FED. R. CIV. P. 59(e) and L. CIV. R. 7.1.  The Third Circuit has made clear that motions for reconsideration should only be granted in three situations: (1) when an intervening change in controlling law has occurred; (2) when new evidence becomes available; or (3) when reconsideration is necessary to correct a clear error of law, or to prevent manifest injustice.  *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  If none of these three bases for reconsideration is established, "the parties should not be permitted to reargue previous rulings made in the case." *Oritani Sav. & Loan Ass'n. v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).  Further, "[b]ecause reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted 'sparingly.'" *NL Indus. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996), *quoting Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986).

### B.  Application

Applying this standard to the facts of this case, the Court concludes that Defendants' motion for reconsideration must be denied.  Defendants contend that reconsideration of the Court's January 8, 2008 decision is necessary to correct a clear error of law that Defendants assert occurred when the Court "overlooked" the N.J. state common law doctrine of equitable subrogation.  The Court disagrees.

On January 8, 2009, the Court denied Defendants' motion for attorney's fees, in part, because Defendants had been "indemnified" for their legal fees by the Borough of Roosevelt. (GEB Mem. Op. 1/8/09 at 4.) [# 39] In doing so, the Court reasoned that an award of attorney's fees under the facts presented would result in Defendants' unjust enrichment, and would effectively constitute punitive damages. (*Id.*) Defendants assert that decision was clearly erroneous because the Court should have applied the N.J. state common law doctrine of equitable subrogation. (Defs.' Mot. Br. at 3-6.) [# 41] Defendants argue that the doctrine of equitable subrogation requires Defendants to remit any fee award to the Borough of Roosevelt, and therefore no unjust enrichment would occur if attorney's fees are awarded. It is undisputed, however, that Defendants did not address the N.J. state common law doctrine of equitable subrogation in their reply brief, after Plaintiffs had raised the issue of Defendants' indemnification by the Borough of Roosevelt in their opposition papers. Thus, in the present motion for reconsideration, Defendants effectively argue that the Court should have raised and applied the N.J. state common law doctrine of equitable subrogation *sua sponte* when deciding Defendants' earlier motion for attorney's fees. That argument is unavailing. The Court concludes that Defendants' present motion is simply a belated attempt to argue a point they failed to address in their prior submissions. Therefore, Defendants' argument does not form an appropriate ground for reconsideration of the Court's January 9, 2009 decision, and Defendants' motion will be denied.

### III.     CONCLUSION

For the reasons stated above, Defendant's motion for reconsideration will be denied. [# 41] An appropriate form of order accompanies this memorandum opinion.

Dated: April 9, 2009

                                                         /s/ Garrett E. Brown, Jr.  
                                         GARRETT E. BROWN, JR., U.S.D.J.